IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE MATEI, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-2091-BN |
| § | |
| SAFECO INSURANCE COMPANY § | |
| OF AMERICA, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Safeco Insurance Company of America ("Safeco") filed a Motion for Summary Judgment. *See* Dkt. No. 20. Plaintiff did not file a response.

For the reasons explained below, the Court GRANTS the Motion for Summary Judgment [Dkt. No. 20].

### **Background**

Matei purchased an automobile insurance policy (Policy No. Y8853083) from Safeco with a policy period from September 30, 2018 to September 30, 2019. *See* Dkt. No. 1 at 27. He also purchased an umbrella policy (Policy No. UY7843286) from Safeco with a policy period from September 30, 2018 to September 30, 2019. *See id.*

Matei was involved in a vehicle collision with Timothy Tran, another driver, on February 9, 2019 and allegedly suffered injuries. *See id.*

Matei alleges that he made a claim against the other driver's insurance company and was paid under that policy. *See id.* at 28.

Matei's counsel called Safeco advising of representation, after which "Safeco opened both a PIP [personal injury protection] and a UM/UIM [uninsured/underinsured motorist] claim on July 20, 2022". Dkt. No. 22 at 1, 111-13. Safeco denied both claims. *See* Dkt. No. 21 at 6.

Matei filed a lawsuit in Texas state court on February 8, 2023 against Safeco and The Phoenix Integra Insurance Services, later identified as The Husman Group, LLC, d/b/a Phoenix Insurance and d/b/a Phoenix-Intregra ("Phoenix"). *See id.* at 9, 26.

In Matei's first amended petition, Matei alleged that Safeco breached the contract by refusing to accept the claims. *See id.* at 29. He also brought claims for violations of the Texas Insurance Code against Safeco, alleging that Safeco engaged in unfair settlement practices and made misrepresentations. *See id.* at 29-31. Matei also brought a breach of duty of good faith and fair dealing against all defendants and claims of breach of contract and fraud against Phoenix. *See id.* at 31-32. Matei sought damages of $1,000,0000. *See id.* at 33.

Defendants filed a motion to sever the breach of contract claim against Safeco and the extra-contractual claims against Safeco and Phoenix (violations of the Texas Insurance Code, breach of duty of good faith and fair dealing), which the state court granted on August 21, 2023. *See id.* at 67.

Safeco then removed the breach of contract action on the basis of diversity jurisdiction. *See id.*

Safeco contends in their amended answer that there is no coverage under the auto policy or umbrella policy. *See* Dkt. No. 19.

Safeco then filed its Motion for Summary Judgment on Matei's breach of contract claim against Safeco. *See* Dkt. No. 20.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*,

140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1)

give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up).

And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in

any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

**Analysis**

I. <u>Effect of Failing to File a Response to a Motion for Summary Judgment</u>

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously

disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant Safeco's Motion for Summary Judgment [Dkt. No. 20] solely because Matei failed to file a response in opposition to the motion.

Here, Matei, through his counsel, also later signed off on an Agreed Order Granting Defendant's Motion for Summary Judgment, which Safeco's counsel submitted to the Court through its Horan_Orders@txnd.uscourts.gov address. But the Court determines that that, too, does not warrant granting what would in essence be a "default summary judgment."

But, under Rule 56 and the governing law,

> "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
>> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]
>
> FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, the pleadings are not verified, and so Matei has presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely

because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

II.   Breach of Contract Claim

Matei alleges that "Safeco's failure and refusal to pay Plaintiff compensation as it was obligated to do under the terms of the Policies and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff." Dkt. No. 1 at 29. Matei specifies that Safeco denied his claim for uninsured/underinsured motorist (UM/UIM) coverage. *See id.*

Safeco contends that it did not breach the contract by denying Matei's claim because neither his auto insurance nor umbrella policy include UM/UIM coverage. *See* Dkt. No. 19 at 5-7.

Under Texas law, to succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance

by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). And "whether a party breached a contract is question of law." *Martinez v. State Farm Mut. Auto. Ins. Co.*, 649 F. Supp. 3d 366, 370 (W.D. Tex. 2023)

The sole dispute on this motion is whether Safeco breached the auto insurance and umbrella policy by improperly denying coverage for Matei's claim for UM/UIM coverage.

"[D]ue to the unique procedure of a UIM case, the duty of an insurance company to pay UIM benefits does not arise until liability is established. Until that time, no remedy for breach of contract against the insurance company is actually enforceable." *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 456 (Tex. App. – Texarkana 2016, no pet.).

A. <u>UM/UIM Insurance Under the Auto Policy</u>

There is no proper breach of contract claim until coverage under the policy is established.

The auto policy states that

> EXCLUSIONS … A. We do not provide Uninsured/Underinsured Motorist Coverage for bodily injury sustained: 1. By an insured while occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage under this policy.

Dkt. No. 22 at App. 65.

Texas law consistently holds that "owned-but-unscheduled-vehicle exclusions [in insurance policies] are generally valid and enforceable." *Am. Econ. Ins. Co. v. Tomlinson*, 12 F.3d 505, 510 (5th Cir. 1994).

And, "[g]enerally, a contract of insurance is subject to the same rules of construction as other contracts. If the written instrument is worded so that it can be given only one reasonable construction, it will be enforced as written." *Id.* (citing *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991) (internal citations omitted).

The auto insurance policy is clear and unambiguous that it will not provide UM/UIM coverage for bodily injuries sustained while occupying a vehicle that is owned by the insured but not covered under the policy.

In investigating the claim, Safeco established that Matei owned and was driving a 2017 Acura NXS ("the Acura") at the time of his accident and that the Acura was not covered under Matei's auto insurance policy. *See* Dkt. No. 22 at Ex. A-1, A-3, A-4, A-5 & Ex. B. Safeco further established that the Acura was covered by another insurance company, American Modern Home Insurance, at the time of the accident. *See* Dkt. No. 22 at Ex. A-4.

And, so, Matei is not entitled to UM/UIM coverage by the policy and cannot bring a claim for breach of contract against Safeco.

B. <u>UM/UIM Insurance Under the Umbrella Policy</u>

Like the auto insurance policy, the parties do not dispute that the umbrella policy is a valid contract. The umbrella policy states that

[t]his policy does not apply to any: 7. amounts payable under any b. uninsured motorists or underinsured motorists coverage or any similar coverage, unless this policy is endorsed to provide such coverage as shown in the Declarations."

Dkt. No. 22 at 97-99.

Safeco asserts, and the summary judgment evidence confirms, that there is no declaration providing for amounts payable under any UM/UIM coverage.

As discussed above, the policy language here is clear and unambiguous that the policy does not permit payment for UM/UIM coverage.

Matei is not entitled to payment for UM/UIM coverage under this policy and has provided no other information indicating he has established coverage under the policy. And, so, he does not have a breach of contract claim against Safeco.

## Conclusion

The Court GRANTS Safeco's Motion for Summary Judgment and dismisses Matei's breach of contract claim with prejudice.

SO ORDERED.

DATED: September 3, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE